UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

CLYDE WILLIAM BOWERS

Case No. 6:05-bk-12774-ABB
Chapter 7

Debtor.
_____/

ANNA L. HALL,

Adv. Pro. No. 6:05-ap-00355-ABB

    Plaintiff,

vs.

CLYDE WILLIAM BOWERS,

    Defendant.
_____/

## MEMORANDUM OPINION

This matter came before the Court on the Complaint to Determine Dischargeability of a Debt to Plaintiff/Former Wife Pursuant to a Final Judgment of Dissolution of Marriage ("Complaint")[1] filed by Anna L. Hall ("Plaintiff"), against Clyde William Bowers, the Debtor herein (the "Debtor"). The Plaintiff seeks to have certain debts arising from the parties' divorce excepted from the Debtor's discharge pursuant to 11 U.S.C. § 523(a)(15). The Plaintiff subsequently argued at trial and in her brief the debt should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). The Debtor did not object to the raising of section 523(a)(5). Section 523(a)(5) should be treated in all respects as if it were raised in the pleadings and the Complaint should be considered amended to conform to the evidence. A final evidentiary hearing on the Complaint was

---

[1] Doc. No. 1.

held on September 20, 2006 at which the Debtor, the Plaintiff and their respective counsel appeared. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live argument, and being otherwise fully advised in the premises.

## **FINDINGS OF FACT**

The Debtor filed this Chapter 7 bankruptcy case on October 7, 2005 ("Petition Date"). The Plaintiff filed this adversary proceeding to determine the dischargeability of obligations owed her by the Debtor pursuant to the parties' Final Decree of Dissolution of Marriage ("Final Decree") pursuant to 11 U.S.C. §§ 523(a)(5) and 523(a)(15).

The parties executed a Separation Agreement ("Separation Agreement") on August 5, 1999.[2] The Debtor was ordered to pay as a property settlement one-half (½) of the net monthly proceeds he received from his retirement account pursuant to the parties' Separation Agreement.[3] The Debtor also agreed to maintain full health coverage for the Plaintiff for a period of eighteen months following the entry of the Dissolution Decree and to pay all premiums and costs for extended coverage.[4] He agreed to pay one-half (½) of any cost not covered by the hospital and medical insurance coverage, and at the expiration of the eighteen month period, the Debtor agreed to pay the Plaintiff the sum of $40.00 a month to be applied toward the cost of a hospitalization and medical plan coverage obtained by the Plaintiff.[5] The Debtor further agreed to retain the Plaintiff as the beneficiary on his existing life insurance policy, and he agreed to maintain the policy and pay all premiums when due.[6]

---

[2] Joint Ex. No. 2: Separation Agreement.
[3] Joint Ex. No. 2: Article Three of the Separation Agreement.
[4] Id. at Article Four.
[5] Id.
[6] Id. at Article Five.

2

The Debtor provided the primary income during the marriage as a civilian gyrotechnician at Newark Air Force Base earning approximately $48,000.00 a year. The Debtor is currently unable to work and is on long-term disability due to a heart attack, and he resides with his mother. The Debtor contends he is unable to pay the obligations of the Separation Agreement.

The Plaintiff was not employed during the marriage and re-entered the workforce upon their divorce as a teacher's assistant earning about $6,533.00 per year.[7] She obtained further employment at Wendy's adding $10,000.00 to her yearly income beginning in 1999.[8] The Plaintiff has remarried. She and her husband possess several vehicles free and clear of encumbrances and a home with $70,000.00 in equity. The Plaintiff waived her right to spousal support in the parties' Dissolution Decree in return for the receipt of one-half (½) of the monthly pension proceeds.[9] The retirement payment to the Plaintiff was specifically deemed part of the property settlement and not as spousal support. "This payment shall be considered a part of the property settlement agreed to by the parties – not as spousal support."[10]

The Plaintiff asserts the obligations owed her by the Debtor should not be discharged pursuant to 11 U.S.C. § 523(a)(5) because they constitute spousal support, or, in the alternative, pursuant to § 523(a)(15) as a property settlement. The health insurance coverage represents spousal support. Health insurance is regarded as in the nature of alimony, maintenance, or support. The retirement account proceeds are stipulated as a property settlement within the decree. Neither this obligation nor the life insurance

---

[7] Joint Ex. No. 4. W-2 of Anna Bowers from Lakewood Local School District for 2000.
[8] Joint Ex. No. 3 W-2s of Anna Bowers from New Wen, Inc. for 1999, 2000, 2002, 2003.
[9] Joint Ex. No. 1: Decree of Dissolution: "Neither Party has requested spousal support and the Court does not redeem jurisdiction of this issue."
[10] Joint Ex. No. 2: Separation Agreement.

premiums qualify for the § 523(a)(5) exception as the nature of the payments are not analogous to "alimony, maintenance, or support".

A balancing test must be considered pursuant to § 523(a)(15) to assess whether the discharge of the debt in issue would result in a benefit to the debtor that outweighs the detrimental consequences to the former spouse. A discharge does benefit the Debtor in a manner that outweighs the detriment suffered by the Plaintiff. The Debtor is unable to make the requisite payments based on his current financial situation. He has a limited source of income and his health restricts his ability to obtain employment. The Plaintiff's Complaint is due to be denied regarding all of the Debtor's obligations with exception to the health insurance coverage.

## CONCLUSIONS OF LAW

The Plaintiff challenges the dischargeability of the debt in her Complaint pursuant to 11 U.S.C. § 523(a)(15). The Plaintiff subsequently argued at trial and in her brief the debt should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). The Debtor did not object to the raising of section 523(a)(5). Section 523(a)(5) should be treated in all respects as if it were raised in the pleadings. The Complaint should be considered amended to conform to the evidence. Fed. R. Civ. P. 15(b).

The Chapter 7 bankruptcy petition was filed prior to the applicability of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), thus the pre-BAPCPA Code provisions will be relevant.[11]

The party objecting to a debtor's discharge or the dischargeability of a debt carries the burden of proof and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); Fed. R.

---

[11] Pub. L. No. 109-8, 119 Stat. 23 (April 20, 2005). Generally applicable October 17, 2005.

Bankr. P. 4005 (2005). Objections to discharge are to be strictly construed against the creditor and liberally in favor of the debtor. In re Hunter, 780 F.2d 1577, 1579 (11th Cir. 1986); In re Bernard, 152 B.R. 1016, 1017 (Bankr. S.D. Fla. 1993). "Any other construction would be inconsistent with the liberal spirit that has always pervaded the entire bankruptcy system." 4 COLLIER ON BANKRUPTCY ¶523.05, at 523-24 (15th ed. Rev. 2005).

Section 523(a)(5) of the Bankruptcy Code excepts from discharge any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement..." 11 U.S.C. § 523(a)(5) (2005). "[A] given domestic obligation is not dischargeable if it is 'actually in the nature of' alimony, maintenance, or support." In re Harrell, 754 F.2d 902, 904 (11th Cir. 1985). Federal law will delegate whether a specified debt is in the nature of support. In re Strickland, 90 F.3d 444, 446 (11th Cir. 1996). State law does offer direction when considering whether the duty constitutes support pursuant to § 523(a)(5) although federal law controls. Id. A simple investigation performed by the bankruptcy court as to the nature of the obligation will suffice in making this determination. In re Harrell, 754 at 906. A court must not rely exclusively on the label provided by the parties in their settlement agreement when considering the payment's actual nature. In re Gianakas, 917 F.2d 759, 762 (3d Cir. 1990).

The hallmark for dischargeability pursuant to § 523(a)(5) is the parties' intent. In re Sampson, 997 F.2d 717, 723 (10th Cir. 1993). A debt is in the nature of support or alimony if the parties intended at the time of its formation the obligation to function as

5

...

support or alimony. In re Gianakas, 917 at 762. "All evidence, direct or circumstantial, which tends to illuminate the parties subjective intent is relevant." In re Brody, 3 F.3d 35, 38 (2d Cir. 1993).

The Debtor raised no defense as to the health insurance obligation and its nondischargeable nature. An obligation to provide health insurance coverage for a spouse in a marital agreement is in the nature of "support". In re Arnott, 210 B.R. 651, 655 (Bankr. S.D. Fla. 1997). Health insurance can easily be interpreted as being in the nature of support simply because the character of the obligation is one for the Plaintiff's support and well-being. In re Stone, 79 B.R. 633, 640 (Bankr. D.Md. 1987).

The Plaintiff waived her right to alimony in the parties' divorce decree. The retirement proceeds stipulated in the Separation Agreement are specifically termed a property settlement. The obligation cannot be subject to the § 523(a)(5) exception to discharge as the payments do not constitute spousal support. The parties did not intend the payments of the retirement proceeds or the life insurance premiums be characterized as alimony or spousal support. The character of the payments is not considered in the nature of "alimony, maintenance, or support". The plain language of the Separation Agreement labels the payment of the retirement proceeds as a property settlement, not spousal support. The terms of the Separation Agreement and the divorce decree confirm the clear intent of the parties.

Some courts have held the entry of a divorce decree addressing the division of a pension creates a property interest rather than a debt. These decisions find an equitable distribution of a former husband's pension plan vests in the former wife an interest in the

marital asset as of the date of the dissolution of the marriage. No statutory authority can be found to support this analysis.

11 U.S.C. § 523(a)(15) involves the application of a balancing test. Section 523(a)(15) excepts from discharge:

> "any debt to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record...*unless* (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor."

11 U.S.C. § 523(a)(15) (*emphasis added*). The Creditor initially bears the burden of proving the debt should be exempted from discharge. In re Gamble, 143 F.3d 223, 226 (5th Cir. 1998). The burden then shifts to the debtor to establish the debt is dischargeable as conditions exists set forth in either subsection (A) or (B) of section 523(a)(15). Id.

This balancing test demands consideration by the court of the relative circumstances of each party at the time of the adversary proceeding. 4 COLLIER ON BANKRUPTCY ¶523.21, at 523-122 (15th ed. rev. 2005). The court may consider several factors concerning the parties and their respective spouses when assessing the relative impact of dischargeability, such as, their current income, current assets, current liabilities, and their health, job skills, training, age and education. Id. at 523-122 & 523-123.

The benefit to the Debtor of receiving a discharge of the remaining elements of the bankruptcy outweighs the detriment suffered by the Plaintiff. The Debtor lives with a relative because of his limited income. He is unable to obtain employment due to his health. The Plaintiff has remarried. She and her husband possess several vehicles free and clear of encumbrances and a home having $70,000.00 in equity. It is apparent the

8

parties did not anticipate the occurrence or the result of a subsequent bankruptcy filing. These situations are unfortunate where neither party really wins.

The indebtedness relating to the health insurance premiums is nondischargeable pursuant to 11 U.S.C. § 523(a)(5). All other indebtedness relating to the Separation Agreement is dischargeable. A separate judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 31st day of October, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge